LAURENCE S. ZAKSON  (SBN 119435) and
STEVEN T. NUTTER (SBN 67008), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California  90010-2421
Telephone:  (213) 386-3860
Facsimile:  (213) 386-5583
E-mails: laurencez@rac-law.com; stevenn@rac-law.com

Attorneys for Plaintiffs AIWU and others

JS-6

FILED
CLERK, U.S. DISTRICT COURT

APR 2 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

AMALGAMATED INDUSTRIAL WORKERS
UNION, a labor organization, and DANIEL
BOUCHER; LEONARD TALTON, GABRIEL
CASAS, and MARTIN MAGDALENO,

                    Plaintiffs,

          vs.

JOHN ROMERO,SR., an individual; JOHN J.
ROMERO, an individual and as purported Trustee of
Amalgamated Industrial Workers Union, Local
61/2061; AMALGAMATED INDUSTRIAL
WORKERS UNION-NATIONAL UNION;
Individual Does 1-10, and Labor organization DOES
1-3.

                    Defendants.

CASE NO:    06-07263 GAF (Ex)

[PROPOSED] JUDGMENT AND
PERMANENT INJUNCTION,
INCLUDING PERMANENT
MANDATORY INJUNCTION

AMALGAMATED INDUSTRIAL WORKERS
UNION, an unincorporated association; and JOHN
J. ROMERO, an individual,

                    Plaintiffs,

          vs.

AMALGAMATED INDUSTRIAL WORKERS
UNION, LOCAL 61/2061, an unincorporated
association; LEONARD TALTON, an individual;
DANIEL BOUCHER, an individual; MARTIN
MAGDELENO, an individual; CARLOS
FRESCAS, an individual; GABRIEL CASAS, , an
individual; THOMAS YOUNG, an individual; and
DOES 1-10, inclusive.

                    Defendants.

157002.1

I.    **Amalgamated Industrial Workers Union, Daniel Boucher, Leonard Talton, Martin Magdaleno, and Gabriel Casas v. John Romero, John J. Romero, and the Amalgamated Industrial Workers Union-National Union, Case No. CV 06-7263 GAF (Ex)**

**GOOD CAUSE APPEARING, IT IS ORDERED that JUDGMENT** is hereby entered in favor of Plaintiffs AIWU, Daniel Boucher, Leonard Talton, Martin Magdaleno, and Gabriel Casas, and against Defendants John Romero, John J. Romero, and AIWU-NU  in Amalgamated Industrial Workers Union, Daniel Boucher, Leonard Talton, Gabriel Casas, and Martin Magdaleno v. John Romero, John J. Romero, and AIWU-NU et al, Case No. CV 06-7263 GAF (Ex) ("AIWU v. Romero") as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1.    Plaintiffs AIWU, Daniel Boucher, Leonard Talton, Martin Magdaleno, and Gabriel Casas shall have Judgment against Defendants John Romero, John J. Romero, and the AIWU-NU on Plaintiffs First Claim for Relief and Third Claim for Relief in their First Amended Complaint in AIWU v. Romero, and all other Claims in this matter shall be dismissed with prejudice;

2.    Defendants John Romero and John J. Romero are liable to AIWU in the amount of $110,000.00; John Romero and John J. Romero are jointly and severally liable for the payment of said amount to the AIWU;

3.    John Romero Sr., John J. Romero, and the AIWU-NU, and its officers, agents, assigns, representatives, affiliates, servants, employees, attorneys, and those in active concert or participation with any of the foregoing who receive actual notice of this order by personal service or otherwise, are hereby permanently enjoined from:

　　a.    Refusing to immediately surrender and transfer possession and control of all AIWU offices, property (both tangible and intangible), books, records, and financial assets (including but not limited to all bank accounts and other investments), to AIWU Secretary-Treasurer Daniel Boucher, or his designee or successor;

　　b.    Continuing to exercise any dominion or control over AIWU's property and

-2-

1  operations;

2           c.       Representing themselves, or otherwise holding themselves out, to third

3  persons (such as banks, insurers, employers, trust funds, third party administrators, medical

4  insurance providers, unions, or commercial entities), to be officers, employees, or representatives of

5  AIWU, or trustees or administrators of AIWU's affairs acting pursuant to a trusteeship, with the

6  power to enter into any transactions on behalf of AIWU or to otherwise incur any liability on behalf

7  of AIWU;

8           d.       Representing to employers, which are party to collective bargaining

9  agreements with AIWU, that Defendants are the lawful or authorized representatives of AIWU, with

10  respect to enforcement and administration of such agreements, including but not limited to the

11  grievance and arbitration and union security provisions of such agreements, or the obligation of

12  such employers to bargain with AIWU as the exclusive collective bargaining representative of their

13  bargaining unit employees;

14           e.       Receiving or disbursing any funds of AIWU, including but not limited to:  (1)

15  monies received, either directly or through payroll deduction, as dues, initiation fees, or assessments

16  due from AIWU members, or derived therefrom; and (2) monies received as administrative or

17  service fees from trust funds (including but not limited to the Amalgamated Industrial Workers

18  Union Local No. 61 Trust Fund and the U.I.S.W.A. Health and Welfare Trust), third party

19  administrators, medical insurance providers, or employers (including but not limited to Seven-

20  Up/RC Bottling Company of Southern California, Inc. and Werner Co. - Merced Division) in

21  connection with the provisions of benefits to employees of such employers under the terms of

22  collective bargaining agreements between AIWU and such employers;

23           f.       Failing or refusing to cooperate in the execution of any and all legal

24  documents, including but not limited to signature cards, required for the transfer of management

25  and control of AIWU's bank accounts and investments, or for access to the records of such bank

26  accounts and investments which are inactive or closed, to AIWU Secretary-Treasurer Daniel

27  Boucher, or his designees or successor;

28           g.       Failing and refusing to provide to AIWU Secretary-Treasurer Daniel

1   Boucher, or his designees or successor, a complete accounting of the financial condition of AIWU,

2   and a written explanation for all receipts, disbursements, and financial transactions of any kind

3   related to AIWU, and its related trust funds;

4           h.      Failing and refusing to deliver possession and control of any and all AIWU

5   financial records, including but not limited to records of all receipts, disbursements, and other

6   financial transactions of any kind, related to AIWU;

7           i.      Continuing to act as a union trustee for AIWU for any trust fund related to

8   AIWU, including the Amalgamated Industrial Workers Union Local No. 61 Trust Fund ("AIWU

9   Trust Fund") and the U.I.S.W.A. Health and Welfare Trust ("UISWA Trust Fund"), or any other

10  multi-employer trust fund which has at any time provided benefits to bargaining unit employees

11  represented by AIWU;

12          j.      Representing to any third party that Defendants or any of them have the right,

13  title, or authority to administer, supervise or otherwise operate, in whole or in part, AIWU, any

14  property or money of AIWU, or any of AIWU's operations;

15          k.      Attempting in any way to enforce any employment agreement between John

16  Romero Sr., John Romero Jr., or Tony Dorado, entered into with AIWU during the period of

17  January 1, 2006 to the present, where such agreement purports to entitle such person to employment

18  after June 22, 2006; and

19          l.      Destroying, removing, secreting, or altering AIWU property (tangible and

20  intangible), assets and investments, books, records, reports, documents, or accounts of any kind.

21        4.      John Romero Sr., John J. Romero, and the AIWU-NU, and its officers, agents,

22  assigns, representatives, affiliates, servants, employees, attorneys, and those in active concert or

23  participation with any of the foregoing who receive actual notice of this order by personal service or

24  otherwise, are hereby ordered and mandated to:

25          a.      Surrender and transfer possession and control of all AIWU offices, property

26  (both tangible and intangible), books, records, and financial assets (including but not limited to all

27  bank accounts and other investments) to AIWU Secretary-Treasurer Daniel Boucher, his designee,

28  or his successor(s);

-4-

1          b.     Execute and all legal documents, including but not limited to signature cards,

2 required for the transfer of management and control of AIWU monies and other property, or for

3 access to the records of such accounts and investments which are inactive or closed, to AIWU

4 Secretary-Treasurer Daniel Boucher, his designee(s) or successor(s);

5          c.     Deliver possession and control of any and all AIWU financial records in their

6 possession and control, including but not limited to records of all receipts, disbursements, and other

7 transactions of any kind related to AIWU, during the period in which they held office in AIWU or

8 were affiliated with it;

9          d.     Provide to AIWU Secretary-Treasurer Daniel Boucher a complete accounting

10 of the financial condition of AIWU and any related trust funds;

11          e.     Provide to AIWU Secretary-Treasurer Daniel Boucher a complete accounting

12 of all monies received by defendants at any time, directly or indirectly, from AIWU, the AIWU

13 Trust Fund, and the UISWA Trust Fund, or any trustees or third parties providing services to

14 AIWU, the AIWU Trust Fund, and the UISWA Trust Fund, or from any other person or entity

15 holding AIWU monies;

16          f.     Deliver possession and control of all AIWU membership, representation,

17 organizing, negotiation, governance, trust fund, affiliation, and other business and organizational

18 records, together with any other AIWU property, records, or documents not described above, to

19 AIWU Secretary-Treasurer Daniel Boucher, his designee(s), or his successor(s); and

20          g.     Cease any and all attempts to supervise the affairs of AIWU, or to otherwise

21 limit the complete autonomy of AIWU, pursuant to any affiliation agreement or trusteeship.

22     5.     The Court declares, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et

23 seq. that:

24          a.     AIWU is and has been since at least January 1, 2006, an autonomous

25 unaffiliated labor organization;

26          b.     the AIWU Executive Board consisted of the following duly elected

27 officers, as of November 14, 2006, the date on which Plaintiffs instituted their action in

28 AIWU v. Romero: Leonard Talton, President;  Daniel Boucher, Secretary-Treasurer;  Thomas

1  Young, Vice-President; Gabriel Casas, Segeant-at-Arms; Martin Magdalena, Trustee;  Danny

2  Olsen, Trustee; and Thomas Thompson, Trustee;

3          c.      John Romero is not, and has not been, President of AIWU since June

4  22, 2006, when Joe Silva was sworn in as AIWU President, and since that date John Romero

5  has not held the office of President;

6          d.      John Romero has not held the office of Vice-President or any other

7  office of AIWU since he was lawfully removed from the office of Vice-President, in August

8  2006 by the Executive Board of AIWU;

9          e.      John Romero and John J. Romero are not now members of the AIWU

10  and are not now eligible to hold any office in AIWU;

11         f.      John Romero received a salary from AIWU, for serving as its

12  President prior to the June 2006 elections, and after such elections John Romero ceased to

13  hold any position with AIWU entitling him to receive a salary or hourly wage as an officer or

14  employee of AIWU, including but not limited to any position as business manager or

15  business representative;

16         g.      John J. Romero received a salary from AIWU, for serving as its

17  Secretary-Treasurer prior to the June 2006 elections, and after such elections John J. Romero

18  ceased to hold any position with AIWU entitling him to receive a salary or hourly wage as an

19  officer or employee of AIWU, including but not limited to any position as a business

20  representative;

21         h.      Following the swearing in of new AIWU officers on June 22, 2006,

22  John Romero and John J. Romero had no right to control the operations and property of

23  AIWU, and their continued exercise of such control, including their control over AIWU

24  offices,  violated the AIWU constitution and Title III of the LMRDA;

25         i.      The AIWU-NU  never had any employees or dues paying members,

26  never had any treasury or property, never was party to any collective bargaining agreement,

27  and never existed as an organization in which employees participate and which existed for

28  the purpose, in whole or in part, of dealing with employers concerning labor disputes, wage

157002.1

1   rates of pay, hours, or other terms or conditions of employment;

2          j.      The AIWU never affiliated with the AIWU-NU, and any purported

3   affiliation, or affiliation agreement, was void ab initio;

4          k.      The AIWU-NU never lawfully imposed a trusteeship on AIWU in

5   accordance with the requirements of Title III of the LMRDA, and any purported trusteeship

6   was void ab initio;

7          l.      John Romero, John J. Romero, and the AIWU-NU had no right to

8   remove Joe Silva, Daniel Boucher, Leonard Talton, Gabriel Casas, Thomas Young, and

9   Martin Magdaleno from their positions as AIWU officers and members of the AIWU

10  Executive Board on July 14, 2006, based on the results of the election conducted by the

11  National Labor Relations Board among the bargaining unit members of Seven-Up/RC

12  Bottling Company of Southern California, because AIWU continued to represent such

13  employees until another labor organization was certified as the exclusive bargaining

14  representative of such employees on or about January 24, 2007; and

15         m.      John Romero had no right to assume the position of AIWU President,

16  upon the resignation of Joe Silva, as the AIWU Constitution in effect at that time, the 18 page

17  Constitution submitted by AIWU to the U.S. Department of Labor, gave the Executive Board

18  the power to fill vacancies in the office of President;

19      6.      Each party is to bear his or its own costs and attorney's fees in this matter, and

20  no Court award will be made for costs or attorney's fees.

21

22  II.    **Amalgamated Industrial Workers Union and  John J. Romero  v. Amalgamated**

23  **Industrial Workers Union, Local 61/2061,  Leonard Talton, Daniel Boucher,  Martin**

24  **Magdaleno, Carlos Frescas, Gabriel Casas, and Thomas Young,** Case No. CV 06-7263

25  **GAF (Ex)**

26

27      **GOOD CAUSE APPEARING,  IT IS ORDERED that JUDGMENT** is hereby

28  entered in favor of Defendants AIWU (aka AIWU Local 61/2061), Daniel Boucher, Leonard

157002.1

1  Talton, Martin Magdaleno, Gabriel Casas, Thomas Young, and Carlos Frescas, and against

2  Plaintiffs John J. Romero and AIWU-NU,  in Amalgamated Industrial Workers Union and

3  John J. Romero  v. Amalgamated Industrial Workers Union, Local 61/2061 et al, Case No.

4  CV 06-7263 GAF (Ex) ("AIWU-NU v. AIWU Local 61/2061") as follows:

5

6  **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

7

8      1.      Defendants AIWU, Daniel Boucher, Leonard Talton, Martin Magdaleno,

9  Gabriel Casas, Thomas Young, and Carlos Frescas shall have judgment against Plaintiffs

10  John J. Romero and AIWU, and Plaintiffs' Complaint in this matter is dismissed with

11  prejudice.

12      2. Each party is to bear his or its own costs and attorney's fees in this matter.

13

14

15  **SO ORDERED.**

16

17  Dated:   4/24/08

18                                         UNITED STATE DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28